**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

                    **No. 14-4504**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

            v.

DERICK LAMONT LEGARDY,

                    Defendant - Appellant.

                    **No. 14-4670**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

            v.

CHARLES RONNELL WILLIAMS,

                    Defendant - Appellant.

                    **No. 14-4718**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

            v.

ALTON TREVON SIMS,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00370-CCE-2; 1:13-cr-00370-CCE-4; 1:13-cr-00370-CCE-3)

_____

Submitted: June 30, 2015                    Decided: July 8, 2015

_____

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina; Leza L. Driscoll, Raleigh, North Carolina; Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellants. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, codefendants Derick Lamont Legardy, Charles Ronnell Williams, and Alton Trevon Sims appeal their sentences after pleading guilty to robbing a bank that had FDIC-insured deposits, in violation of 18 U.S.C. § 2113(a) (2012). Pursuant to a conditional plea agreement, Williams also challenges the district court's denial of his motion to suppress. Finding no error, we affirm.

Williams' motion to suppress challenged the investigative stop and frisk that preceded his arrest. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Hill, 776 F.3d 243, 247 (4th Cir. 2015). Consensual encounters between a citizen and the police do not implicate the Fourth Amendment, Florida v. Bostick, 501 U.S. 429, 434 (1991), but nonconsensual encounters must be supported by a reasonable suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, 21, 27 (1968). A seizure occurs when a "[police] officer, by means of physical force or show of authority, terminates or restrains [an individual's] freedom of movement." Brendlin v. California, 551 U.S. 249, 254 (2007) (internal quotation marks omitted); accord United States v. Mendenhall, 446 U.S. 544, 554 (1980).

Whether there is reasonable suspicion to justify a stop depends on "the totality of the circumstances," including the

information known to the officer and any reasonable inferences to be drawn at the time of the stop. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). "[I]f the officer has a 'reasonable fear for his own and others' safety' based on an articulable suspicion that the suspect may be 'armed and presently dangerous,' the officer may conduct a protective search of, i.e., frisk, the outer layers of the suspect's clothing for weapons." United States v. Holmes, 376 F.3d 270, 275 (4th Cir. 2004) (quoting Terry, 392 U.S. at 30-31).

Our de novo review of the record confirms that the district court did not err in finding that, until the officers asked about weapons, Williams' encounter was consensual and did not implicate the Fourth Amendment. We agree with the district court that Williams was seized for Fourth Amendment purposes when the officers inquired about weapons and that, based on the totality of the circumstances, the officers had a reasonable, articulable suspicion of criminal activity at the time of that seizure. We therefore conclude that the district court correctly denied Williams' motion to suppress.

Turning to Defendants' challenges to their sentences, our review is "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines

4

range." Id. at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." Id. We presume that a sentence within a properly calculated Sentencing Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

After reviewing the presentence reports and sentencing transcripts, we conclude that Defendants' within-Guidelines sentences are both procedurally and substantively reasonable. The district court correctly calculated each Defendant's advisory Guidelines range, listened to the parties' arguments, considered the 18 U.S.C. § 3553(a) (2012) factors, and articulated its reasons for giving each Defendant a sentence within his Guidelines range. See Gall, 552 U.S. at 51. In addition, no Defendant has made the showing necessary to rebut the presumption of reasonableness accorded a within-Guidelines sentence. See Louthian, 756 F.3d at 306.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED